UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORDYCE, a.k.a. Brittany Fordyce,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-08409-SVK<br><br>**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT** |

## INTRODUCTION

Plaintiff, a California prisoner, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 against the following officials at Pelican Bay State Prison ("PBSP"): Warden S. Smith, Chief Executive Officer Katy Minor, Chief Support Executive J. Dark and Dentist J. Herzog. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, Plaintiff has not stated a cognizable claim for relief and is granted leave to file an amended complaint.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that prior to arriving at PBSP, she fractured her jaw, which has caused tooth decay. (ECF No. 1 at 2.) She alleges that chewing food causes "extreme pain." (*Id.*) She further alleges that the unnamed "Head Dietician" at PBSP has required her to eat hard food despite knowing about her condition. (*Id.* at 3.) She has requested and been denied "accommodation" for her condition, and she further claims that the denial of this accommodation is due to discrimination against her for being transgender. (*Id.*)

Plaintiff's allegations, even when liberally construed, do not state a cognizable claim for relief because Plaintiff does not allege facts showing how any of the named Defendants were involved in the violation of her rights. "A plaintiff must allege facts . . . that show that an individual was personally involved in the deprivation of h[er] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). In other words,

1   Plaintiff must "name names," alleging which of the named Defendants did what acts that may
2   have violated Plaintiff's rights.
3         Simply alleging the denial of accommodations and discrimination at the prison, without
4   alleging any actions or omissions by any specific Defendant that plausibly caused a violation of
5   Plaintiff's rights, does not suffice. Plaintiff refers to a "Head Dietician," but this official is
6   unnamed, and none of the named Defendants has this job title. Similarly, naming supervising
7   officials, such as the PBSP Warden and C.E.O., as Defendants without alleging actions or
8   omissions by each of them individually does not suffice because under no circumstances is there
9   liability under Section 1983 solely because one is the supervisor or superior of others who
10  violated a Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). While a
11  supervisor's knowing acquiescence in such violation does render the supervisor liable, Plaintiff
12  has not specifically alleged which of the Defendants knew about the violation of her rights or how
13  they acquiesced in such a violation.
14        To state a cognizable claim against the named Defendants, Plaintiff must identify actions
15  each of them took or failed to take, and on what occasions, that violated Plaintiff's rights. Plaintiff
16  will be granted leave to file an amended complaint to cure the deficiencies in her claims.

## CONCLUSION

18  For the foregoing reasons,
19  1. Plaintiff shall file an amended complaint on or before **February 20, 2025**. The
20  amended complaint **must** include the caption and civil case number used in this order (No. C 24-
21  8409 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the
22  first page. Because an amended complaint completely replaces the original complaint, *see Ferdik
23  v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the
24  original by reference; she must include in her amended complaint all the claims she wishes to
25  pursue. <u>Failure to amend within the designated time and in accordance with this order may result
26  in dismissal of this case.</u>
27  2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
28  informed of any change of address by filing a separate paper with the clerk headed "Notice of

3

Change of Address." She also must comply with the Court's orders in a timely fashion, although she may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline that Plaintiff wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 22, 2025

Susan van Keulen
United States Magistrate Judge