UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA FORDYCE,<br><br>       Plaintiff,<br><br>    v.<br><br>S. SMITH, et al.,<br><br>       Defendants. | Case No. 24-cv-08409-VC<br><br>**ORDER OF SERVICE** |

      Brittany Fordyce, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Dkt. No. 1. The magistrate judge previously assigned to this case dismissed the complaint with leave to amend. Dkt. No. 7. Fordyce filed an amended complaint. Dkt. No. 8. The court now reviews the claims in the amended complaint and orders service on defendant Herzog.

## DISCUSSION

**I.    Standard of Review**

      A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.     Fordyce's First Amended Complaint

Fordyce's first amended complaint alleges that the Pelican Bay State Prison dentist J. Herzog has known since the beginning of June 2024 that Fordyce needs a tooth extraction but has failed to order one. Fordyce alleges she is allergic to lidocaine, necessitating that the extraction happen at a hospital. She alleges that her tooth causes her excruciating pain.

Fordyce also names Warden Smith, CEO K. Minor, and CSE J. Dark as defendants but makes no allegations against them. She seeks injunctive relief and damages.

## III.    Analysis

The magistrate judge who previously dismissed Fordyce's complaint with leave to amend noted that she failed to state a claim against supervising officials because "under no circumstances is there liability under Section 1983 solely because one is the supervisor or superior of others who violated a Plaintiff's rights." Fordyce has again named supervisory defendants based solely on their role as supervisors, and these defendants will be dismissed.

Liberally construed, Fordyce has stated an Eighth Amendment claim against Herzog for deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. Defendants Smith, Minor, and Dark are dismissed.

2. The court orders that the following defendant be served electronically: Herzog.

Service on the listed defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendant intends to file a motion for summary judgment or other dispositive motion, he must do so no later than fifty-six days from the date of service. If the defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendant believes this case cannot be resolved by summary judgment, he shall so inform the

court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Fordyce.

At the time the dispositive motion is served, the defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      b.  Fordyce's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing her opposition, Fordyce is advised to read the notice that will be provided to her by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Fordyce is cautioned that because she bears the burden of proving his allegations in this case, she must be prepared to produce evidence in support of those allegations when she files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from herself and other witnesses, and copies of documents authenticated by sworn declaration. Fordyce will not be able to avoid summary judgment simply by repeating the allegations of her complaint.

      c.  The defendant shall file a reply brief no later than fourteen days after the date Fordyce's opposition is filed.

      d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

4.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties

may conduct discovery.

5.     All communications by Fordyce with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

6.     It is Fordyce's responsibility to prosecute this case. Fordyce must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: July 11, 2025

_____
VINCE CHHABRIA
United States District Judge